UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE K. MARK,<br>Plaintiff,<br>v.<br>COMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 2:25-cv-02641-EFB (SS)<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying her application for Social Security Disability benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. ECF No. 1. Pending before the court are the parties' cross-motions for summary judgment. ECF Nos. 12, 14.[1] For the reasons provided below, plaintiff's motion for summary judgment is granted, defendant's motion is denied, and the matter is remanded to the Commissioner.

## I. Background

On October 21 and 28, 2022, plaintiff filed an application for disability insurance benefits under Titles II and XVI of the Social Security Act, respectively, alleging disability beginning

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this action, including judgment, pursuant to 28 U.S.C. 636(c)(1). ECF No. 8.

February 5, 2022. Administrative Record (AR) 290-301.[2] Plaintiff alleged disability due to severe back pain, tingling sensations in her legs, inability to stand for a long time, restlessness due to discomfort, and pain in both shoulders. AR 163, 182. Plaintiff's applications were denied on March 29, 2023, AR 163-67, and her request for reconsideration was denied on August 12, 2024. AR 179-86. She requested a hearing before an Administrative Law Judge, which was held by telephone on March 18, 2025. AR 17-28. On April 10, 2025, the ALJ issued a decision finding plaintiff not disabled. AR 17-28. Plaintiff sought review to the Appeals Council, which denied review on July 29, 2025, AR 1-6, and, on September 14, 2025, plaintiff initiated the instant action. ECF No. 1.

## II. Legal Standard

### A. The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[3] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet

---

[2] Defendant lodged the administrative record on January 16, 2026. ECF No. 11.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

> or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

*Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). At each of these five steps, "the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In steps one through four, the burden of proof is on the claimant. *Ford*, 950 F.3d at 1148. A claimant establishes a prima facie case of qualifying disability once he has carried the burden of proof from step one through step four. *Ibid*.

Before making the step four determination, the ALJ first must determine the claimant's RFC. *Batson*, 359 F.3d at 1194; *see* 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 404.1545(a)(1). A determination of RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(d)(2) (RFC is not a medical opinion); 20 C.F.R. § 404.1546(c) (identifying the ALJ as responsible for determining RFC); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g); *Batson*, 359 F.3d at 1194. If the claimant can perform other work in the national economy, then the claimant may not be found to be disabled. *Ibid.*

**B. Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to reverse an ALJ's decision, the court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart (Thomas)*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995)); *see also Dickinson v. Zurko*, 527 U.S. 150, 153 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103. Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." *Thomas v. CalPortland Co. (CalPortland)*, 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is harmless, *Stout*, 454 F.3d at 1055-56, and the burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

In conducting its analysis, the "reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The court may not affirm the ALJ on a ground upon which she did not rely; rather, the court may review only the reasons stated by the ALJ in her decision. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Further, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford*, 950 F.3d at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

**III. The ALJ's Findings of Fact and Conclusions of Law**

In her April 10, 2025 decision, the ALJ found plaintiff not disabled and made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027.
>
> 2. The claimant has not engaged in substantial gainful activity since February 5, 2022, the alleged onset date (20 CFR 404.1571, *et seq*., and 416.971, *et seq*.).
>
> 3. The claimant has the following severe impairments: lumbar spinal disorder with radiculopathy, right knee osteoarthritis (OA), hypertension, and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except as follows. The claimant is limited to 4 hours of standing/walking, the rest sitting without limitation, in an 8-hour workday. The claimant is precluded from all ladder, rope, and scaffold climbing, and all dangerous work hazards exposure, and the claimant is limited to performing the remaining postural motions occasionally. The claimant is precluded from all exposure to extreme heat and humidity conditions. The claimant is limited to work not requiring a production quota pace (ie assembly line environment where one's work impacts work down the line), and work allowing the claimant to be off task up to 3% of workday due to momentary symptom distractions.
>
> 6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).[[4]]

[4] Although the ALJ found that plaintiff had no past relevant work, plaintiff testimony includes descriptions of her symptoms beginning in 2022, when she had a job at Amazon.

> 7. The claimant was born on February 10, 1977 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not an issue because the claimant does not have past relevant work. (20 CFR 404.1568 and 416.968).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from February 5, 2022, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 19-27.

## IV. Analysis

Plaintiff raises two issues on review. First, plaintiff asserts that the ALJ erroneously failed to provide clear, convincing, and well-supported reasons for discounting plaintiff's testimony describing her physical limitations, when determining plaintiff's RFC. ECF No. 12 at 7. Second, plaintiff argues that the ALJ additionally erred in determining the RFC by failing to properly assess the medical opinion of Dr. Renteria. *Id*. The court concludes that plaintiff has shown she is entitled to summary judgment on both claims and remands the matter back to the Commissioner.

### A. Discounting of Plaintiff's Testimony

Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence because the ALJ, without specific, clear, and convincing reasons, discounted plaintiff's testimony describing the severity and extent of her back and leg pain. ECF No. 14 at 7-16. Upon review of the record, the court agrees that the ALJ's determination was not supported by substantial

evidence. *See Biestek*, 587 U.S. at 99.

"When a claimant presents objective medical evidence establishing an impairment 'that could reasonably produce the symptoms of which she complains, an adverse credibility finding must be based on clear and convincing reasons.'" *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (cleaned up)); *see also Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). Where the claimant's alleged disabling symptom is pain, the ALJ may not arbitrarily discredit the claimant's representations about the severity of the pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Rather, the ALJ must evaluate the claimant's credibility using ""ordinary techniques of credibility evaluation," such as considering whether there are inconsistencies in the claimant's testimony or "relevant character evidence" bearing on her credibility. *Id*. at 346-47. The ALJ may not, however, find the claimant's representations about the severity of her pain not credible because they are not fully corroborated by objective medical evidence, because pain "'is a completely subjective phenomenon' [that] 'cannot be objectively verified or measured.'" *Id*. at 347 (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)); *see also Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Here, plaintiff claimed disability due to her back pain, tingling sensations in her legs, inability to stand for a long time, restlessness due to discomfort, and pain in both shoulders. AR 163, 182. At the hearing before the ALJ, plaintiff testified about the nature, extent, and severity of her pain. AR 42-52. She testified that she had constant soreness in her back that caused her to feel like she needed to sit down after five minutes of standing. AR 42. She described that the pain originated in her lower back and traveled down her legs, causing numbness and tingling in her legs and sometimes "Charley horses" and other cramps. *Id*. She testified that she had had persistent back pain for many years, which had responded to rest and over-the-counter medication, but beginning in 2022, when she had a job at Amazon that required constant standing, her back pain had become more persistent and no longer responded to the same treatments. AR 42-43. She testified that, since then, she had been prescribed pain medication that did not resolve the pain, and had begun physical therapy. AR 43. She testified that sitting

caused tingling, numbness, and pain in her legs, AR 44, 48-49 and that after sitting for any period of time, she can develop Charley horse cramps in her back, stomach, or leg that "takes a good 10 or 15 minutes to get it to go away." AR 47; *see also* AR 48-49. These cramps are debilitating when they occur and occur "[m]ore than three" times per day. AR 47-48. When she experiences a Charley horse cramp, plaintiff can treat the pain by massaging her legs for at least five minutes; she has also tried taking pain medication when they occur, but the cramps return within one to two hours. AR 47-49. At home, she tends to sit for no more than thirty-minute intervals because of the lower back pain caused by sitting. AR 49-50. She testified that she does not do chores around the house due to her back pain. AR 50-51.

The ALJ found that plaintiff had an impairment that could reasonably be expected to produce the symptoms of which she complained. AR 23; *see Smartt*, 53 F.4th at 497. The ALJ found, however, that plaintiff was not credible in her representations of the intensity, persistence, and limiting effects of those symptoms. AR 23. The ALJ determined that plaintiff had the capacity to perform light work, with 4 hours of standing / walking and unlimited amounts of sitting in an 8-hour workday, and with an allowance to be off task up to 3% of the workday due to "momentary symptom distractions." AR 22. In so finding, the ALJ implicitly rejected plaintiff's testimony that she experienced multiple episodes of Charley horse cramps per day, which each took 15 to 20 minutes to resolve and were debilitating when they occurred. *See* ECF No. 12 at 10-15.

The ALJ's partial rejection of plaintiff's testimony was not based on clear and convincing reasons, thus constituting legal error. First, the ALJ failed to provide "clear" reasons for the partial rejection of plaintiff's testimony. An ALJ must provide "specific, cogent reasons for the disbelief" of plaintiff's symptom testimony, *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir. 1990), wherein she "specif[ies] what testimony is not credible and identif[ies] the evidence that undermines the claimant's complaints." *Burch*, 400 F.3d at 680; *see also Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020). It is not sufficient for the ALJ to make only "general findings," *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998), nor is it sufficient for the ALJ to simply summarize the relevant medical evidence, without also explaining why that evidence

supports a finding that particular testimony is not credible. *Lambert*, 980 F.3d at 1278, citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

Here, the ALJ's decision failed to explain the reasons for finding plaintiff not credible in her description of the nature, extent, persistence, and effect of the pain she experiences. The ALJ stated that plaintiff's testimony was "inconsistent" because "the medical evidence of record reveals that her medically determinable impairments are stable and conservatively well-managed through monitoring, medication, physical therapy, and lifestyle changes including diet and exercise." AR 23. The ALJ then summarized some of the medical evidence that demonstrated that multiple rounds of imaging indicated plaintiff had disc protrusions and disc space narrowing in her spine, including narrowing in the foramen where a nerve is present, and that plaintiff's medical providers had referred her for pain management. AR 23-24. The ALJ then described the treatments plaintiff had been given to address her pain, including physical therapy, medication, and a home exercise program, and described clinicians' findings at plaintiff's medical appointments, including that she continued to report knee and back pain. AR 24-25.

At no point in any of these summaries did the ALJ explain how any of this record evidence rendered plaintiff not credible when she testified describing the ongoing pain she experienced and, specifically, that she experienced multiple debilitating cramping episodes per day. Although the ALJ stated that the medical record demonstrated that plaintiff's reports of pain were "stable and conservatively well-managed," none of the medical evidence that the ALJ then went on to describe indicated the stability or fluctuation of plaintiff's pain symptoms, nor did that evidence indicate one way or another whether those particular symptoms were "well-managed" throughout plaintiff's treatment regimen. Rather, the ALJ's analysis here consisted simply of "a relatively detailed overview of [plaintiff's] medical history," *see Lambert*, 980 F.3d at 1278, but without any reasons connecting that medical history to the specific testimony from plaintiff that the ALJ determined was not credible. As such, the decision lacks clear reasons for the ALJ having discredited plaintiff's testimony describing her pain symptoms, constituting legal error. *See id.*; *Burch*, 400 F.3d at 680; *Rashad,* 903 F.2d at 1231.

////

The ALJ's partial rejection of plaintiff's symptom testimony additionally fails because it was not premised on "convincing reasons." *See Carmickle*, 533 F.3d at 1160. When evaluating a claimant's credibility in her subjective symptom testimony, an ALJ may properly consider several factors, including the claimant's "daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ also may consider objective medical evidence in evaluating the claimant's credibility, so long as the ALJ does not reject such testimony solely because it is unsubstantiated by objective medical evidence. 20 C.F.R. § 416.929(c); *Bunnell*, 947 F.2d at 347; *Rollins v. Massanari*, 261 F.3d 853, 856, 857 (9th Cir. 2001).

Here, the ALJ did not partially reject plaintiff's symptom testimony due to evidence of inconsistent activities of daily life nor on the basis of adverse character evidence. *See* AR 23-25. Rather, in discrediting plaintiff's symptom testimony the ALJ stated that the testimony was "inconsistent because the medical evidence of record reveals that her medically determinable impairments are stable and conservatively well-managed through monitoring, medication, physical therapy, and lifestyle changes including diet and exercise." AR 23 (citing AR 412, 429, 440, 490, 522, 547-48, 553, 593, 596, 613, 634, and 670.) The ALJ then, as noted above, followed this finding with a summary of the medical evidence in the record documenting plaintiff's lumbar spondylosis, disc space narrowing, spinal canal narrowing, related symptoms, and treatment for same. AR 23-25.

The record does not support the ALJ's finding that the objective medical evidence contradicted plaintiff's subjective pain testimony so as to render the latter not credible. The record does not support the ALJ's finding that the medical evidence indicated that the impairment at issue—episodes of cramping in plaintiff's lower back that debilitated her multiple times per day, for 10 to 15 minutes each—was "stable." *See* AR 23. In fact, portions of the record cited by the ALJ corroborate plaintiff's testimony that her pain had worsened in recent years, including the leg cramping, tingling, and difficulty sitting described in her testimony. *See* AR 440, 547-48, 634. Other portions of the record, not cited by the ALJ, further substantiate plaintiff's testimony describing the nature, persistence, and debilitating effect of her pain, including her cramping

episodes. *See* AR 611, 631. Where the ALJ overlooks evidence in the record that supports the plaintiff's testimony, the resultant RFC lacks substantial evidence. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

The medical evidence also fails to support the ALJ's finding that plaintiff's back and leg pain, including cramping episodes, was "well-managed" with conservative treatment modalities. *See* AR 23. While the record supports the finding that plaintiff's clinicians had used conservative treatments, *see* AR 634, the record also indicated that plaintiff's treatment providers did not believe more aggressive treatments could meaningfully reduce plaintiff's pain in the long term and might even exacerbate it. AR 553. Moreover, the record indicates that despite the array of treatments plaintiff had received and pursued, she nonetheless reported to her medical providers that her pain persisted. *See* AR 631, 634, 670. The record simply does not support the finding that plaintiff's testimony describing her pain episodes was not credible because the medical record indicated her pain was well-managed with her present treatment regimen.

Defendant argues that the ALJ's reasons for partially rejecting plaintiff's testimony were sound because the medical evidence contradicted plaintiff's pain descriptions. ECF No. 14 at 5. For example, defendant posits, "the ALJ noted that Plaintiff's spinal imaging detected minimal to moderate—i.e., not disabling—abnormalities, which was at odds with Plaintiff's allegations of debilitating back pain." *Id*. If the ALJ's citation to and descriptions of plaintiff's medical records were for this purpose, however, this reasoning reflected legal error. "Once a claimant produces medical evidence of an underlying impairment which is reasonably likely to be the cause of some pain, the ALJ 'may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.'" *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell*, 947 F.2d at 346-47). Thus, if the ALJ found credible the claim that plaintiff had a lumbar impairment reasonably likely to cause some amount of back and leg pain, the ALJ could not reject plaintiff's descriptions of the extent or nature of that pain based on lack of corroboration by objective medical findings. *See id*. For all of these reasons, the ALJ's partial rejection of plaintiff's pain symptom testimony was not supported by substantial evidence. *See Biestek*, 587 U.S. at 99.

**B. Assessment of Opinion of Dr. Renteria**

In her second claim, plaintiff argues the ALJ erred in rejecting the medical opinion of Dr. Renteria because the ALJ improperly failed to address the evidence supporting Dr. Renteria's opinion and failed to properly assess the record in finding this opinion inconsistent with the other medical evidence. ECF No. 12 at 16-20. The court finds the ALJ's determination flawed in her finding that Dr. Renteria's opinion was inconsistent with the other record evidence.

The record before the ALJ contained the July 9, 2024 Medical Source Statement authored by Dr. Salvador Renteria upon his consultative examination of plaintiff. AR 566-71. He found plaintiff had medical impairments that, inter alia, rendered her unable to stand or walk more than two hours per day. AR 570. The ALJ partially rejected this opinion and found that plaintiff was capable of standing or walking up to four hours per day. AR 22.

Under current regulations, the factors the Commissioner employs for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The most important of these factors are "supportability and consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022); 20 C.F.R. § 404.1520c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant . . . objective medical evidence. Consistency means the extent to which a medical opinion is consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 791-92 (internal citations and quotations omitted). The regulations provide that "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence," which includes that the ALJ must articulate how persuasive they find all provided medical opinions and explain the supportability and consistency factors of those opinions. *Id.* at 792; *see* 20 C.F.R. § 404.1520c(b)(2) ("The factors of

supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").

Here, the ALJ adequately addressed the supportability of Dr. Renteria's opinion and did not err in finding his opinion inadequately supported within the meaning of the regulations. The ALJ found Dr. Renteria's findings concerning the limitations of plaintiff's ability to stand or walk unsupported because they were at odds with his own examination report, which accompanied his opinion, in which he described having found plaintiff to have "normal extremities, normal 2/4 reflexes, normal strength, negative bilateral seated and supine straight leg raising, and normal range of motion." AR 26. This characterization accurately reflects the record: although Dr. Renteria opined that plaintiff was limited in standing or walking no more than two hours a day, his examination report did memorialize the normal findings described by the ALJ, and Dr. Renteria's report failed to explain how or why he arrived at his clinical opinion in light of these findings. *See* AR 566-70. Given this, the ALJ did not err in concluding Dr. Renteria's opinion was unsupported and, consequently, less persuasive. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding a medical opinion is well-supported when it is consistent with the author's treatment notes for the claimant); *Garrison v. Colvin*, 759 F.3d 995, 1014 n. 17 (9th Cir. 2014) (same).

Plaintiff has demonstrated, however, that the ALJ's erred in finding that Dr. Renteria's opinion concerning plaintiff's standing and walking limitation was inconsistent with the other evidence in the record and unpersuasive for that reason. In concluding that Dr. Renteria's opinion was "inconsistent with the medical evidence of record," the ALJ cited the physical examination findings of Dr. Thomas in her February 2022 examination of plaintiff, and of Dr. Qazi in his January 2025 examination of plaintiff. AR 26 (citing AR 440, 633). The ALJ failed to address the other medical findings in the record, however, that were consistent with Dr. Renteria's opinion that plaintiff was limited to two hours of standing or walking per day due to back and leg

pain. *See* AR 150-52 (on August 12, 2024 Dr. Jone recommends limitation of 2 hours standing/walking per day); *see also* AR 437 (plaintiff displays limited range of motion approximately 2 weeks after Dr. Thomas's examination), 450-51 (memorializing numerous abnormal findings of plaintiff's lumbar vertebrae), 634 (reporting plaintiff's "[h]istory of herniated disc with associated bilateral leg tingling. Pain and tingling persist despite physical therapy and duloxetine"), 670 (memorializing lumbar disc protrusion and plaintiff's reports of corresponding pain, in January 2025 by Dr. Qazi). The ALJ's analysis also failed to account for the consistency of Dr. Renteria's opinion with the nonmedical evidence in the record. *Compare* AR 26 (finding Dr. Renteria's opinion "inconsistent with the medical evidence of record") *with* 20 C.F.R. § 404.1520c(c)(" The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources *and nonmedical sources* in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." (italics added)). Here, Dr. Renteria's opinion that plaintiff's pain limited her standing and walking capacities was consistent with plaintiff's November 2022 Exertional Activities Questionnaire and May 2024 Pain Questionnaire, in both of which she described that her leg and back pain impeded her from standing or walking more than a few minutes at a time. AR 350-52, 376-77. Where the ALJ has apparently cherry-picked particular portions of the record that contradict a medical opinion while apparently overlooking those portions of the record that support that opinion, the ALJ has failed to undertake the "consistency" analysis that the regulations require. *See* 20 C.F.R. § 404.1520c(c); *see generally Thompson v. Comm'r of Soc. Sec.*, No. 2:20-CV-3-KJN, 2021 WL 1907488, at *6 (E.D. Cal. May 12, 2021) (collecting cases). For this reason, the ALJ's finding that Dr. Renteria's opinion was unpersuasive was premised on legal error, additionally rendering the RFC determination lacking substantial evidence. *See* 42 U.S.C. § 405(g); *Biestek*, 587 U.S. at 99.

**C. Harmlessness**

Plaintiff has shown that neither of the ALJ's errors were harmless. *See Shinseki*, 556 U.S. at 409; *Stout*, 454 F.3d at 1055-56. The RFC contained limitations that were contrary to plaintiff's testimony describing her pain, including her need for multiple off-task periods to

address her Charley horse episodes, and that were contrary to Dr. Renteria's opinion that plaintiff could not stand or walk more than two hours per day. *See* AR 22. Plaintiff's limitations on standing and walking and need to manage her pain during the workday were posed to the testifying vocational expert, and the expert's testimony that there were jobs in the economy that plaintiff could perform was dependent on the nature of these limitations. *See* AR 51-55. In light of the totality of the record, the ALJ's errors were not harmless to her ultimate determination that plaintiff is not disabled.

**D. Remedy**

The record as a whole supports remand to the Commissioner as a remedy. When error is established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler*, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."); *see generally Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) ("[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule").

Here, based on the record before it, the court concludes that the rare circumstances that may result in a direct award of benefits are not present. *See Leon*, 880 F.3d at 1044; *Dominguez*,

808 F.3d at 407. Further administrative proceedings would serve a meaningful purpose by enabling the ALJ to properly evaluate plaintiff's symptom testimony and the medical opinion of Dr. Renteria, and, based on those evaluations, to make any additional findings necessary to determine whether plaintiff is disabled within the meaning of the Social Security Act. *See Garrison*, 759 F.3d at 1020. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 14) is denied;
3. This matter is remanded for further proceedings consistent with this order.

Dated: September 24, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE